UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
WECARE HOLDINGS, LLC and C. WESLEY
GREGORY, III,

                 Plaintiffs,         08-CV-6213

       v.                               **DECISION**
                                                **and ORDER**
BEDMINSTER INTERNATIONAL LIMITED,

                 Defendant.
_____

## **INTRODUCTION**

Defendant Bedminster International Limited ("Bedminster" and/or "defendant") moves pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for reconsideration of this Court's Decision and Order dated March 9, 2009, (the "March 9 Decision") granting plaintiffs' WeCare Holdings, LLC ("WeCare Holdings") and C. Wesley Gregory, III ("Gregory") (collectively "plaintiffs") motion for summary judgment and denying defendant's motion for stay. Bedminster argues that reconsideration is warranted to correct a clear error and to prevent manifest injustice. Specifically, defendant contends that the March 9 Decision misunderstood the dollars involved and the magnitude of plaintiffs' culpable conduct.

For the reasons set forth below, Bedminster's motion to reconsider under Rule 54(b) is denied.

## **BACKGROUND**

The procedural and factual background of this case is set forth in the Court's March 9 Decision. See WeCare Holdings, LLC et

al. v. Bedminster Intern. Ltd, 2009 WL 604877 (W.D.N.Y.2009). Familiarity with that decision is assumed. Thus, the Court will not repeat all the facts of the prior proceeding and will only address the most pertinent information as it relates to this motion for reconsideration.

## DISCUSSION

**Motion for Reconsideration Under Rule 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure states that if the court has not issued a final judgment, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*." (Emphasis added). The court has the discretion to grant or deny a motion to reconsider. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983); Kliszak v. Pyramid Mgmt. Group, 1998 WL 268839 (W.D.N.Y. 1998). The major grounds justifying reconsideration of a court's own decision prior to final judgment are (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. See Virgin Atl. Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1991).

Parties using the third ground to justify their motions to

reconsider "'should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" See Marranca v. Comm'r of IRS, 2008 WL 281787 (W.D.N.Y. Jan. 31, 2008) (citing Duane v. Spaulding and Rogers Mfg. Inc., 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994)) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F.Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration should not be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised prior to the decision. See Duane, 1994 WL 494651 at *1.

Here, the defendant requests that the court reconsider its March 9 Decision. Specifically, defendant argues that the Court misunderstood the papers submitted by defendant including Mr. Grondin's September 2008 affidavit, when it suggested in its March 9 Decision that the total claimed loss caused by plaintiffs' bad faith and self-dealing during the period between the closing date and the date the 50% balance of stock was to be purchased was $100,000 in total. See Declaration of Pearse O'Kane ("O'Kane Dec."), ¶9. Rather, defendant claims that plaintiffs were accumulating a monthly deficit of $100,000. See id. Defendant has subsequently produced a post-closing audit to show that the operating losses are much higher than $100,000 monthly and indeed reached $2,518,672 in the aggregate. See Reply Affidavit of Mark J.

3

Moretti ("Moretti Reply Aff."), ¶6; see also Declaration of Deirdre Flaherty, ¶4-5.[1] In this regard, defendant contends that based on the allegations raised by defendant and the monthly deficit accumulated by plaintiffs, such conduct rises to the level of inequity, bad faith and unconscionability to support the unclean hands standard articulated by this Court and raises questions of fact sufficient to preclude summary judgment. See Def. Br. at 4.

As mentioned in the March 9 Decision, the application of the unclean hands rule is reserved for the type of agreement so one-sided that "'no [person] in his [or her] senses and not under delusion would make [it] on the one hand, and ... no honest and fair [person] would accept [it] on the other.'" See Christian v. Christian, 42 N.Y.2d 63, 71 (1977); see also WeCare Holdings, 2009 WL 604877 at * 11. Here, the Court agrees with plaintiffs when they point out in their papers the inconsistencies made by Mr. Grondin in separate affidavits submitted to this Court, specifically his September 2008 affidavit stating that in the wake of the closing, the plant began losing $100,000 a month. See Affidavit of Douglas A. Foss ("Foss Aff."), ¶¶14-16, 18. For instance, plaintiffs state that Mr. Grondin was asked whether he had ever consulted the 2005 and 2006 audited financial statements before stating in his affidavit that the plant immediately began losing $100,000 a month,

---

[1] Notably, the March 9 Decision stated that the forensic audit fell under the Operating Agreement and may not be litigated before this Court, but rather before the arbitrator pursuant to the contractual provision of the Operating Agreement. See WeCare Holdings, 2009 WL 604877 at 12.

and Mr. Grondin responded that he did not think Bedminster received the 2006 audited financial statements. However, when confronted with e-mails showing that the statement was sent in June 2007 to Bedminster, Mr. Grondin recanted his statement. Thereafter, when he was pressed regarding his September 2008 affidavit stating that the plant began losing $100,000 a month, Mr. Grondin responded that the "'information was based on my financial department's input, so I would have to go back and confer with them.'" See id., ¶18.

Plaintiffs' submissions demonstrate that the agreement between the parties was not so one-sided that "'no [person] in his [or her] senses and not under delusion would make [it] on the one hand[.]'" See Christian, 42 N.Y.2d at 71.[2] In addition, plaintiffs argue that the losses it incurred were relatively consistent with historical norms until plaintiffs started obliging defendant's operational recommendations. See Foss Aff., ¶19. Accordingly, the Court did not misunderstand the issues and its March 9 Decision will not be reversed. Thus, the motion to reconsider under Rule 54(b) is denied.

Moreover, as defendant correctly points out in its reply affidavit, the "first and [primary focus is] on the scope of the

---

[2]The documents in the prior motions show that extensive negotiations were conducted by sophisticated parties at arms length so that no one particular entity would have the ability to overreach the other side. In the instant case, defendant has not proffered any evidence from which a reasonable fact-finder could determine that defendant was too unsophisticated to understand the business transaction, that the parties had unequal bargaining power, or that defendant's free will was unfairly overborne by plaintiffs during negotiations so as not to produce an agreement that is so one-sided. See Bigda v. Fischbach, 849 F.Supp. 895, 902 (S.D.N.Y.1994); see also Wilmington Trust Co. v. Aerovias de Mexico, S.A. de C.V., 893 F.Supp. 215, 218 (S.D.N.Y.1995).

5

losses at issue under the Operating Agreement." See Moretti Reply Aff., ¶6. As the Court previously stated, the Operating Agreement is an independent and distinct agreement from the Purchase and Sale agreement. See WeCare Holdings, 2009 WL 604877 at * 4. Defendant's claims of unclean hands stems from its allegations that plaintiffs' conduct of operating WeCare Environmental, LLC was performed in a reckless business manner. See id. at 12 n. 13. However, as previously mentioned, the Court has already ruled that operating issues are not part of the Purchase and Sale Agreement and thus not before the Court but is left to arbitration. See id.

Further, in its March 9 Decision, the Court issued a briefing schedule and ordered plaintiffs to file a motion with respect to the relief it seeks, whether specific performance or damages. See id. at 14. Because of the motion for reconsideration filed by Bedminster, the parties were not able to follow the briefing schedule. However, during the period when parties were submitting papers relating to the motion for reconsideration, plaintiffs provided the court with affidavits relating to its request for relief as directed by the Court's March 9 Decision. Subsequently, Bedminster responded to plaintiffs' affidavits with its own affidavit and brief. As the Court initially ordered in its March 9 Decision, plaintiffs must file a motion, i.e. a separate and distinct motion, with notice, to defendant to give the parties sufficient time and an opportunity to be heard on the issue of

6

specific performance and/or damages. However, since Bedminster has moved for an Order disqualifying plaintiff's counsel pursuant to New York State Professional Conduct Rule 1.9., the Court will first decide the motion to disqualify counsel before issuing a briefing schedule concerning the damages issue.

## **CONCLUSION**

For the reasons set forth above, I deny the defendant's motion for reconsideration. Thereafter, the Court will decide the defendant's motion to disqualify plaintiff's counsel and then issue a briefing schedule concerning the damages issue.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         July 23, 2009