```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
WECARE HOLDINGS, LLC and C. WESLEY
GREGORY, III,

                        Plaintiffs,               08-CV-6213

        v.                                        **DECISION**
                                                  **and ORDER**
BEDMINSTER INTERNATIONAL LIMITED,

                        Defendant.
_____
```

## **INTRODUCTION**

Defendant Bedminster International Limited ("Bedminster" and/or "defendant") moves to disqualify the law firm Harris Beach, PLLC ("Harris Beach") from representing WeCare Holdings, LLC ("WeCare Holdings") and C. Wesley Gregory, III ("Gregory") (collectively "plaintiffs"). Bedminster argues that disqualification is warranted because Harris Beach represented WeCare Environmental, LLC ("WeCare Environmental") while Harris Beach represented WeCare Holdings, a member of WeCare Environmental and one of the plaintiff in this action. Specifically, defendant contends that since May 10, 2006 Harris Beach has represented both WeCare Environmental and WeCare Holdings, billing WeCare Environmental for considerable legal fees for legal services provided to both WeCare Holdings and WeCare Environmental. For the reasons set forth below, the Court finds that a determination of this claim is barred by application of *res judicata*. Thus, defendant's motion to disqualify is denied.

**BACKGROUND**

The procedural and factual background of this case is set forth in the Court's March 9, 2009 Decision. See WeCare Holdings, LLC et al. v. Bedminster Inter. Ltd., 2009 WL 604877 (W.D.N.Y. 2009). Thus, the Court will only address background information relevant to this motion for disqualification.

On May, 10, 2006, defendant and plaintiffs executed a Purchase and Sale Agreement that provided for the sale of a 50% interest in WeCare Environmental to defendant Bedminster. Since the sale, Harris Beach has submitted invoices for services to WeCare Environmental referencing the client name WeCare Enterprises, LLC ("WeCare Enterprises"). However, WeCare Enterprises has ceased to exist as a separate entity since it has now become WeCare Environmental. Defendant also alleges that since the execution of the Purchase and Sale Agreement, Harris Beach has improperly represented WeCare Holdings in matters that conflict with its duty of loyalty to WeCare Environmental. However, during the pendency of the instant motion, the parties litigated this same issue before New York Supreme Court Justice John J. Ark who after an evidentiary hearing issued a Decision on January 8, 2010. Bedminster Int'l Ltd. V. WeCare Holdings, LLC, Index No. 2009/7800 (N.Y. Sup. Ct. Jan. 8, 2010) [hereinafter "State Court Decision"]. Thus, before addressing the merits of defendant's instant motion, this Court

must first determine whether the issue of the alleged conflict by Harris Beach has been decided by the State Court and therefore binding on this Court by application of *res judicata*.

## **DISCUSSION**

"When 'determin[ing] the effect of a state court judgment, federal courts, including those sitting in diversity, are required to apply the preclusion law of the rendering state.' Giannone v. York Tape & Label, Inc., 548 F.3d 191, 192 -193 (2d. Cir. 2008) (alteration in original) (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 87 (2d Cir. 2000). "Under both New York...and federal law, the doctrine of res judicata, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). Once a fully litigated issue has been determined on the merits, that decision bars the same "parties or their privies from relitigating issues that were or could have been raised in that action." Maharaj, 128 F.3d at 97.

"The first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions

-3-

as the earlier suit; that is to say, the second cause of action requires the same evidence to support it and is based on facts that were also present in the first." Id. Similar to New York law, the Second Circuit on the application of *res judicata* requires consideration of four factors: "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007).

First, the State Court Decision is a final judgment on the merits, by a court of competent jurisdiction, in a case involving the same parties. The issue of disqualification was fully litigated over a period of several days before Justice Ark who considered submissions, heard testimony and reviewed evidence.[1] For *res judicata* to apply, however, "[i]t must first be determined that the second suit involves the same 'claim' or-'nucleus of operative fact'-as the first suit." Channer v. Department of Homeland Sec., 527 F.3d 275, 280 (2d Cir. 2008) (quoting Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 108 (2d Cir.2000)).

The Second Circuit examines "three indicia [to] determine whether the second suit involves the same claim or nucleus of

---

[1] Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir.2006) (A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings).

-4-

operative fact as the first: (1) whether the underlying facts are "related in time, space, origin, or motivation;" (2) whether the underlying facts "form a convenient trial unit;" and (3) whether their "treatment as a unit conforms to the parties' expectations." <u>Id.</u>

The underlying facts presented in this motion and in the State Court action are essentially identical. Defendant alleges in both actions that Harris Beach should be disqualified because of the apparent conflict of interest that arose when it represented both WeCare Environmental and WeCare Holdings. The relevant facts form a convenient trial unit. The principal actors in both cases are the same. It would appear that an evidentiary hearing by this Court would produce a similar witness list and focus on the same issues. Finally, treatment of the underlying facts as a unit "conforms to the parties expectations." The parties refer to these cases as "parallel" and "companion" proceedings.

Further, the facts that gave rise to this motion are from the same "transaction" that formed the basis for the State Court action, i.e. Harris Beach's billing WeCare Environmental for legal services. It would be a waste of judicial resources to relitigate the same issue in Federal Court and accordingly this Court determines that the State Court Decision is dispositive of the issues presented in the instant motion before this Court to disqualify Harris Beach.

**CONCLUSION**

For the reasons set forth above, the defendant's motion to disqualify Harris Beach is barred by application of *res judicata* and is thus denied. In this Court's March 9, 2009 Decision and Order, I granted plaintiffs' motion for summary judgment and determined the issue of liability,[2] leaving undecided the question of determining the appropriate relief for the plaintiffs. Accordingly, I ordered that the plaintiffs file a motion with respect to the nature of the relief sought. However, before plaintiffs filed its motion, defendant filed a motion for reconsideration and the instant motion to disqualify Harris Beach. By Decision and Order dated July 23, 2009, this Court denied the defendant's motion for reconsideration and directed that the defendant's motion to disqualify plaintiff's counsel would be decided first. The issue of disqualification having been decided, the parties are now directed to contact the Chambers of Magistrate Judge Jonathan W. Feldman for determination of the remaining issue of relief sought by plaintiffs. Magistrate Judge Feldman shall issue a Report and Recommendation to this Court with his findings

---

[2] The court found the following: Plaintiffs' motion for summary judgment relating to defendant's anticipatory breach was granted; the defendant abandoned its eight affirmative defenses and four counterclaims (Third, Fourth, Fifth and Sixth Counterclaim) and thus plaintiffs' motion for summary judgment with respect to those claims was granted; plaintiffs' motion relating to defendant's First and Second Counterclaims was granted and thus, defendant's First and Second Counterclaims were dismissed; defendant's motion requesting the Court to strike plaintiffs equitable remedy of specific performance due to unclean hands was denied; defendant's motion for a stay to conduct an audit was denied; and defendant's motion for leave to amend its Answer to add an affirmative defense and counterclaim was denied.

and recommendations.

**ALL OF THE ABOVE IS SO ORDERED.**

                                    s/Michael A. Telesca
                                   MICHAEL A. TELESCA
                               United States District Judge


Dated:     Rochester, New York
           February 9, 2010